**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BRYCE WINSPEAR                                                              PLAINTIFF

v.                                          4:26-cv-00406-BSM-JJV

DARIUS WOODY, Sgt.,
White County Detention Center; *et al.*                              DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      INTRODUCTION**

Plaintiff Bryce Winspear is a convicted prisoner at the White County Detention Center who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983.  On May 4, 2026, I entered an Order explaining to Plaintiff why his Complaint failed to state a plausible claim for relief and told him what additional information he needed to provide to properly plead a claim.  (Doc. 3.)  I then gave him thirty days to file an Amended Complaint curing the pleading deficiencies and cautioning him this case could be dismissed if he did not timely follow my instructions.  (*Id.*)  Plaintiff has not filed an Amended Complaint, and the time to do so has passed.  Thus, I will screen the original Complaint pursuant to 28 U.S.C. § 1915A.

## II.    DISCUSSION

Plaintiff says he fell on March 19, 2026, around 8:30 p.m. while walking up the stairs at the jail and injured his hip.  (Doc. 2.)  Sergeant Darius Woody allegedly said he would get the nurse but was not in a hurry to do so.  Later that evening, Nurse Charles allegedly looked at Plaintiff through the window but did not physically examine him or provide any treatment.  Nurse Mandy examined Plaintiff the following day and gave him ibuprofen.  Three days later, Plaintiff was "taken to medical where I stayed for 4 days was x-rayed and cleared." (*Id*. at 4.)  However, Plaintiff says he is still experiencing hip pain "so I'm suing for negligence, medical malpractice, pain and suffering."  (*Id*.)  After careful consideration, I conclude the Complaint fails to state a plausible claim for relief for the following reasons.

To plead an inadequate medical care claim under the Eighth Amendment, it must be plausible that: (1) Plaintiff had an objectively serious need for medical care for his hip; and (2) each Defendant subjectively knew of, but deliberately disregarded, that serious medical need.  *See Jones v. Faulkner Cnty,* 131 F.4th 869, 874 (8th Cir. 2025); *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021).

Plaintiff has not satisfied the first element because, after taking an x-ray, medical providers determined he did not have any objectively serious medical needs.  *See Presson v. Reed,* 65 F.4th 357, 366 (8th Cir. 2023) (an objectively serious medical need is one that has been "diagnosed by a physician as requiring treatment" or one "so obvious that even a layperson would easily recognize the necessity for a doctor's attention"); *Starks v. St. Louis Cnty*., 159 F.4th 1146, 1149 (8th Cir. 2025) (no objectively serious medical need because "there was no physician's diagnosis, and the nurse's intake assessment [was] not enough").  Further, the second element of deliberate indifference is a high threshold that goes beyond negligence, medical malpractice, or gross

negligence, which is what Plaintiff alleges in his Complaint. *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). To establish deliberate indifference, it must be plausible that Defendants "recognized that a substantial risk of harm existed <u>and</u> knew that their conduct was inappropriate in light of that risk." *Shipp,* 9 F.4th at 703 (emphasis in the original). This level of mental culpability is "akin to criminal recklessness." *Presson,* 65 F.4th at 367. Nothing in the Complaint suggests Defendants acted with deliberate indifference. And Plaintiff's mere disagreement with the course of medical care he received for his hip pain does not rise to the level of a constitutional violation. *See Hall,* 77 F.4th at 1179. Finally, Plaintiff has not provided any facts demonstrating he was harmed by the brief delay in being examined and x-rayed. Thus, I conclude he has failed to plead a plausible claim for relief.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.    The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted, and this case be CLOSED.

2.    In the future, dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 9th day of June 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

3